Deanna **MCBREARTY,** Marylynn Hartsel, individually, derivatively, and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

The **VANGUARD GROUP, INC.,** George U. Sauter, Duane F. Kelly, John J. Brennan, Charles D. Ellis, Rajiv L. Gupta, Amy Gutmann, Joann Heffernan Heisen, Andre F. Perold, Alfred M. Rankin Jr., J. Lawrence Wilson, Acadian Asset Management, LLC, Ronald D. Frashure, John R. Chisholm, Brian K. Wolahan, Marathon Asset Management, LLP and Neil M. Ostrer, Defendants–Appellees,

Vanguard International Equity Index Funds, d/b/a Vanguard European Stock Index Fund, Vanguard Horizon Funds, d/b/a Vanguard Global Equity Fund, Nominal Defendants–Appellees,

Alliance Bernstein LP, Henry S. D'auria, Sharon E. Fay, Kevin F. Simms, William J. Arah and Jeremy H. Hosking, Defendants.

No. 09–1445–cv.

United States Court of Appeals, Second Circuit.

Nov. 23, 2009.

Thomas I. Sheridan, III (Andrea Bierstein, on the brief), Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, New York, NY, for Appellants.

Harry A. Olivar, Jr. (A. William Urquhart and Jasmine M. Starr, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA; David Braff, Penny Shane, and Amanda F. Davidoff, Sullivan & Cromwell LLP, New York, NY; Kenneth S. Leonetti, Brandon F. White, and Kirk G. Hanson, Foley Hoag LLP, Boston, MA; Robert M. Dato, Michael Cereseto, and L. Richard Walton, Buchalter Nemer, PC, Los Angeles, CA, on the brief), Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, for Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. ROSEMARY S. POOLER, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**SUMMARY ORDER**

Plaintiffs-appellants appeal a judgment entered on April 6, 2009 in the United States District Court for the Southern District of New York (Cote, *J.*) dismissing with prejudice plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). Plaintiffs were shareholders in certain of defendants' mutual funds that had invested in online gambling companies. They brought this civil RICO action after the shares of these online gambling companies declined in value following a government crackdown on illegal offshore gambling. We assume general familiarity with the underlying facts, procedural history, and issues on appeal.

We review *de novo* the district court's grant of a motion to dismiss, taking all reasonable inferences in plaintiffs' favor. *City of N.Y. v. Smokes–Spirits.com, Inc.,* 541 F.3d 425, 439 (2d Cir.2008).

To state a civil RICO claim, plaintiffs must show that they were injured "by reason of" the alleged racketeering activity, 18 U.S.C. § 1964(c), that is, that the defendant's RICO violation proximately caused plaintiffs' injuries. *See Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451, 457, 126 S.Ct. 1991, 164 L.Ed.2d 720 (2006); *Holmes v. Sec. Investor Prot. Corp.,* 503 U.S. 258, 267–68, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *see also Smokes–Spirits,* 541 F.3d at 440–41; *Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, 121–22 (2d Cir.2003). In the RICO context, proximate causation means, in turn, that "the alleged violation led directly to the plaintiff's injuries." *Anza,* 547 U.S. at 461, 126

S.Ct. 1991. Here, however, the complaint alleges that the decline in the funds' online gambling holdings was not the direct result of the RICO violation—the owning and/or financing of illegal gambling—but rather was the result of the subsequent "government crackdown" on the illegal gambling. Although plaintiffs contend that the law enforcement crackdown was a foreseeable risk of defendants' activities (rather than a supervening cause),[1] we have already held that proximate causation is lacking under RICO when the harm results from the exposure or disclosure of the RICO predicate activity. *In re Am. Express Co. S'holder Litig.*, 39 F.3d 395, 400 (2d Cir.1994).[2]

Plaintiffs also argue that the "underlying premises" of the proximate cause requirement set forth by the Supreme Court in *Holmes v. Securities Investor Protection Corp.*, 503 U.S. at 269–70, 112 S.Ct.

1311, support a finding of proximate cause here.[3] It is hardly clear that this is so; but even assuming *arguendo* that these policy considerations cut in plaintiffs' favor, they cannot remedy the basic defects in causation discussed above, nor provide a basis for overruling our clear prior precedents.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

1. Although foreseeability is often the test of proximate causation at common law, *see Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 162 N.E. 99, 100 (1928), RICO causation is a concept distinct from "proximate causation as that term is used at common law." *Abrahams v. Young & Rubicam Inc.*, 79 F.3d 234, 237 (2d Cir.1996).

2. Although plaintiffs argue that *American Express* is undercut by the Supreme Court's recent decision in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008), we do not agree. The civil RICO action in *Bridge* was brought by regular bidders at a county's auctions of tax liens, who alleged that the defendants, also regular bidders, were able to obtain a disproportionate share of valuable liens by lying to the county about their status as "related entities" in order to circumvent a rule that would otherwise result in a more equita-

ble distribution of liens. *Id.* at 2135–36. Thus, the injury alleged in *Bridge*—the plaintiffs' inability to obtain valuable liens to which they would otherwise have been entitled—resulted directly from the fraudulent representations that constituted the racketeering activity.

3. These considerations are: "(1) the factual difficulty of measuring indirect damages and distinguishing among distinct independent causal factors; (2) the complexity of apportioning damages among plaintiffs 'to obviate the risk of multiple recoveries'; and (3) the fact that 'the need to grapple with these problems is simply unjustified by the general interest in deterring injurious conduct, since directly injured victims can generally be counted on to vindicate the law.' " *Smokes–Spirits*, 541 F.3d at 440 (quoting *Holmes*, 503 U.S. at 269, 112 S.Ct. 1311).